UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gordon Franklin, Jr., | Case No. 22-CV-2287 (WMW/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| FMC Rochester, | |
| Respondent. | |

---

Petitioner Gordon Franklin, Jr., a civil detainee of the federal government, has filed a petition for a writ of habeas corpus that, although unclear, might be challenging a denial of a claim for benefits by the Social Security Administration ("Petition") (ECF No. 1). The Court also considers his related application to proceed without prepaying fees or costs ("*in forma pauperis*" or "IFP") (ECF No. 5). The habeas petition is now before the Court for review pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts. As a result of that review, this Court recommends that the petition be summarily denied and this case dismissed without prejudice, and that the IFP application also be denied.

"If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Mr. Franklin's habeas petition does not challenge the validity of his ongoing civil detention. Instead, Mr. Franklin appears to be seeking judicial review of a decision of the Social Security Administration pursuant

1

to 42 U.S.C. § 405(g) and possibly challenging the conditions of his confinement.[1] Both claims are inappropriate subjects of habeas corpus litigation. *See Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014).

Under appropriate circumstances, a pleading mislabeled as a habeas petition may be recharacterized "into the correct procedural vehicle for the claim asserted." *Id.* at 471. In this instance, however, the Court cannot construe Mr. Franklin's petition as either a complaint seeking review under section 405(g) or as a 42 U.S.C. § 1983 claim, because the Court is unable to read most of Mr. Franklin's pleading. Moreover, where the Court can read the words in Mr. Franklin's pleading, it is unable to make sense of his allegations. As such, even if the Court recharacterizes his pleading as a complaint seeking review under section 405(g) or a section 1983 claim, it still fails to assert any colorable claim and falls substantially short of the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2).[2]

Accordingly, it is recommended that the habeas petition be summarily denied and this action be dismissed without prejudice. Should the recommendation of dismissal be adopted, Franklin's pending application to proceed *in forma pauperis* should also be denied. *See Kruger*, 77 F.3d at 1074 n.3 (holding leave to proceed *in forma pauperis* should be denied when habeas petition is frivolous).

---

[1] Some parts of the petition can potentially be interpreted as alleging that Mr. Franklin has received inadequate food, provisions, and medical care during his detention. *See, e.g.*, Petition at 5 (discussing alleged violations of "[t]he right of use of tobacco, pipe, food, cloth, lighter, and etc."). To the extent that Mr. Franklin is attempting to assert claims challenging the conditions of his confinement, those claims must be brought as a 42 U.S.C. § 1983 claim rather than a petition for a writ of habeas corpus. *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014).

[2] Additionally, as Mr. Franklin has not "identif[ied] the final [social security] decision to be reviewed[,]" the Court cannot apply the lowered pleading standards of the forthcoming Supplemental Rules for Social Security Actions under section 405(g) to construe his Petition as a complaint seeking review under section 405(g).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Gordon Franklin, Jr. (ECF No. [1]) be DENIED.

2. Franklin's application to proceed *in forma pauperis* (ECF No. [5]) be DENIED.

3. This matter be DISMISSED WITHOUT PREJUDICE.

Dated: October 19, 2022

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).